

# CHRIS DANIEL

HARRIS COUNTY DISTRICT CLERK

December 1, 2015

PATRICK F. MCCAIN
ATTORNEY OF RECORD
909 TEXAS AVENUE #205
HOUSTON TX 77002

Defendant's Name: WILLIAM MICHAEL MASON

Cause No: 0620074

Court: 228TH DISTRICT COURT

Please note the following appeal updates on the above mentioned cause:

**Notice of Appeal Filed Date:** 11/19/15
**Sentence Imposed Date:** 11/19/15
**Court of Appeals Assignment: Court of Criminal Appeals**
**Appeal Attorney of Record: PATRICK F. MCCAIN**

FILED IN
COURT OF CRIMINAL APPEALS

DEC 08 2015

Abel Acosta, Clerk

Sincerely,

Criminal Post Trial Deputy

CC: Devon Anderson
    District Attorney
    Appellate Division
    Harris County, Texas

LISA MILLS (DELIVERED VIA E-MAIL)

MATTIE KIMBLE (DELIVERED VIA E - MAIL)

This is your notice to inform any and all substitute reporters in this cause.

22— q45
22— q44
BNDIO— V

# THE STATE OF TEXAS
## V.
## <u>MASON, WILLIAM MICHAEL</u>,  A/K/A/ _____

<u>228</u> District Court / County Criminal Court at Law No. _____

## Harris County, Texas

### NOTICE OF APPEAL

## TO THE HONORABLE JUDGE OF SAID COURT:

On ___**11/19/15**___ (date), the defendant in the above numbered and styled cause gives NOTICE OF APPEAL of his conviction.

**The undersigned attorney (check appropriate box):**

☒ MOVES to withdraw.
☐ ADVISES the court that he will CONTINUE to represent the defendant on appeal.

___**11/19/15**___
**Date**

**WILLIAM MICHAEL MASON**
**Defendant (Printed name)**

**FILED**
Chris Daniel
District Clerk

NOV 19 2015

Time:_____
Harris County, Texas

By_____ Deputy

_____
**Attorney (Signature)**

___**Terrence Gaiser**___
**Attorney (Printed name)**

___**07572500**___
**State Bar Number**

___**2900 Smith**___
**Address**

___**(713) 225-0666**___
**Telephone Number**

**The defendant (check all that apply):**

☒ REPRESENTS to the court that he is presently INDIGENT and ASKS the court to immediately APPOINT appellate counsel to represent him.

☒ ASKS the Court to ORDER that a free record be provided to him.

☐ ASKS the court to set BAIL.

Accordingly, Appellant ASKS the Court to conduct a hearing, make findings, and enter an Order Granting the requested relief.

X_**William M. Mason**_____
**Defendant (Signature)**

___**WILLIAM MICHAEL MASON**___
**Defendant's Printed name**

SWORN TO AND SUBSCRIBED BEFORE ME ON ___**11-19-15**___

By Deputy District Clerk of Harris County, Texas _____

# ORDER

On ___11-19-15___ the Court conducted a hearing and **FINDS** that defendant / appellant

☐ **IS NOT** indigent at this time.

☑ **IS** indigent for the purpose of

    ☑ employing counsel

    ☑ paying for a clerk's and court reporter's record.

    ☑ employing counsel or paying for a clerk's and court reporter's record.

The Court **ORDERS** that

☑ Counsel's motion to withdraw is **GRANTED** / **DENIED.**

☐ Defendant / appellant's motion (to be found indigent) is **DENIED.**

☑ Defendant's / appellant's motion is **GRANTED** and

    ☑ ___PATRICK McCANN___ (attorney's name & bar card number)
    is **APPOINTED** to represent defendant / appellant on appeal.

☑ The **COURT REPORTER** is **ORDERED** to prepare and file the reporter's record without charge to defendant / appellant.

**BAIL IS:**

☐ **SET** at $ _____

☐ **TO CONTINUE** as presently set.

☑ **DENIED** and is **SET** at **NO BOND.** (Felony Only)

**DATE SIGNED:** ___11-19-15___

          **JUDGE PRESIDING**
          **228** **DISTRICT COURT /**
          **COUNTY CRIMINAL COURT AT LAW NO.** ____,
          **HARRIS COUNTY, TEXAS**

 

| | |
|---|---|
| THE STATE OF TEXAS | IN THE    DISTRICT COURT |
| | |
| V. | COUNTY CRIMINAL COURT AT LAW NO. _____ |
| | |
| MASON, WILLIAM MICHAEL        , | HARRIS COUNTY, TEXAS |
| Defendant | |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☒  is not a plea-bargain case, and the defendant has the right of appeal. [or]

☐  is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [or]

☐  is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☐  is a plea-bargain case, and the defendant has NO right of appeal. [or]

☐  the defendant has waived the right of appeal.

_____        11-19-15
Judge                                                         Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

X William M. Mason                         TERRENCE GAISER
Defendant                                                Defendant's Counsel

Mailing Address: _____  **FILED**  State Bar of Texas ID number: 07572500
                                                          Chris Daniel
Telephone number: _____  District Clerk  Mailing Address: _____

Fax number (if any): _____  NOV 19 2015  Telephone number: _____
                                      Time:_____ Harris County, Texas
                                                          Fax number (if any): _____
                                      By_____ Deputy

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).

# APPEAL CARD  CCA

1-18-16

**Court** 228

**Cause No.** 0620074

### The State of Texas
### Vs

MASON, WILLIAM MICHAEL

11-19-15

**Date Notice Of Appeal:** 11-19-15

**Presentation:** Vol._____ Pg._____

**Judgment:** Vol._____ Pg._____

**Judge Presiding** M CARTER

**Court Reporter** L MILLS

**Court Reporter** M KIMBLE

**Court Reporter** _____

**Attorney on Trial** KURT WENTZ, ROBERTT SCOTT, & TERRANCE GAISER

**Attorney on Appeal** PATRICK MCCANN

Appointed ✓ Hired _____

**Offense** CAPITAL MURDER

**Jury Trial** Yes ✓ No _____

**Punishment Assessed** DEATH

**Companion Cases (If Known)** 0601302, 0588711

**Amount of Appeal Bond** ∅

**Appellant Confined:** Yes ✓ No _____

**Date Submitted To Appeal Section** 11-20-15

**Deputy Clerk** JtG

THE STATE OF TEXAS

v.

_William Michael Mason_

Date _January 21, 19 92_

Attorney for State : Asst. Dist. Atty. _Jeannine Southwick / Craig Goodhar_

Attorney for Defendant : _Jim Sims / Kayla Sims_

Offense : _Capital Murder_

Date of Offense : _01-17-1991_ A. D. 19 _91_

Plea : Not Guilty

Count and/or
Paragraph : _as charged in 3 paragraphs_

Plea to Enhancement
Findings on Enhancement : _NA_

Punishment : Death

The Defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above and this cause being this day called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above, and both parties announced ready for trial.

A Jury composed of _Christine P. Kunkel_ and eleven others was selected, impanelled, and sworn. The Indictment was read to the Jury and the Defendant, entered a plea of not guilty thereto, after having heard the evidence submitted; and having been charged by the Court as to their duty to determine the guilt or innocence of the Defendant and the argument of counsel, the Jury retired in charge of the proper officer and returned into open court on the _12_ day of _March_, 19 _92_, the following verdict, which was received by the Court and is here entered of record upon the minutes:

"We, the Jury, find the defendant, William Michael Mason, guilty of capital murder, as charged in the indictment."

Thereupon, the jury, in accordance with law, heard further evidence, and having been again charged by the Court, the jury retired in charge of the proper officer and returned into open Court on the _16_ day of _March_ 19 _92_, the following verdict, which was received by the Court and is here entered of record upon the minutes:

SPECIAL ISSUE NO. 1

Was the conduct of the defendant, William Michael Mason, that caused the death of the deceased committed deliberately and with the reasonable expectation, that the death of the deceased or another would result?

ANSWER

We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "Yes." /s/ Christine P. Kunkel

FOREMAN OR FORELADY OF THE JURY

SPECIAL ISSUE NO. 2

Is there a probability that the defendant, William Micheal Mason, would commit criminal acts of violence that would constitute a continuing threat to society?

ANSWER

We, the jury, unanimously find and deremine beyond a reasonable doubt that the answer to this Special Issue is "Yes." /s/ Christine P. Kunkel

FOREMAN OR FORELADY OF THE JURY

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, as found by the verdict of the jury, and that the said Defendant committed the said offense on the date indicated above, and that he be punished, as has been determined by the jury, by death, and that Defendant be remanded to jail to await further orders of this court.

And thereupon, the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof.

Whereupon the Court proceeded, in presence of said Defendant to pronounce sentence against him as follows, to wit, "It is the order of the Court that the Defendant named above, who has been adjudged to be guilty of the offense indicated above and whose punishment has been assessed by the verdict of the jury and the judgment of the Court at Death, shall be delivered by the Sheriff of Harris County, Texas immediately to the Director of Corrections of the State of Texas, or any other person legally authorized to received such convicts, and said Defendant shall be confined in said Department of Corrections in accordance with the provisions of the law governing the Texas Department of Corrections until a date of execution of the said Defendant is imposed by this Court after receipt in this Court of mandate of affirmance by the Court of Criminal Appeals of the State of Texas.

The said Defendant is remanded to jail until said Sheriff can obey the directions of this sentence. From which sentence an appeal is taken as a matter of law to the Court of Criminal Appeals of the State of Texas, Austin, Texas.

Signed and entered on this the _____ day of _____ MAR 16 1992 _____ 19_____.

Judge _182_ District Court
Harris County, Texas

COPY TO :DC_____

Jw/04/999/ff

ON THE 04TH DAY OF OCTOBER, 1995, MANDATE OF AFFIRMANCE RECEIVED FROM THE COURT OF CRIMINAL APPEALS.

11-19-15 - JURYFOUND #1 YES, #2 YES, #3 NO.
COURT SENTENCED DEFENDANT TO DEATH
11-19-15- NOTICE OF APPEAL FILED

KR04
18-